No. 21919.

CITY AND COUNTY OF DENVER, DENVER GENERAL HOSPITAL, AND STATE COMPENSATION INSURANCE FUND *v.* GRETA M. POLLARD, AND INDUSTRIAL COMMISSION OF COLORADO.

(417 P.2d 231)

Decided August 2, 1966.    Rehearing denied August 22, 1966.

ALIOUS ROCKETT, FEAY BURTON SMITH, JR., RICHARD T. GOOLD, for plaintiffs in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, Assistant, for defendant in error, Industrial Commission of Colorado.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

THE above entitled action is here on writ of error to review a judgment of the district court which affirmed the findings and award of the Industrial Commission in a proceeding commenced by the claimant, Greta M. Pollard, to secure benefits under the provisions of the Workmen's Compensation Act (C.R.S. 1963, 81-1-1 et seq.).

The claimant was employed by the City and County of Denver as a public health nurse. The duties of this employment included close physical contact with individuals reportedly infected with beta streptococcus. She became infected by this organism and developed symptoms consistent with it and with generalized rheumatic fever which resulted from that infection.

■ The "Findings and Award" made by the Commission included the following:

"The claimant was employed by the respondent employer as a public health nurse. On or before November 15, 1962, the claimant was exposed to individuals who had beta streptococcus infection. As a result of this contact, the claimant, herself, became infected and was forced to leave work on January 4, 1963. Claimant had been unable to return to work as of the date of the last hearing. As a result of the infection, the claimant has suffered acute rheumatic fever. Claimant's average weekly wage was maximum and it is too early to determine whether or not she has sustained any permanent partial disability.

"IT IS, THEREFORE, ORDERED: That the respondents pay compensation to the claimant at the rate of $40.25 per week starting January 4, 1963, and continuing through disability."

The Attorney General, on behalf of the Industrial Commission, asserts that the judgment should be affirmed because:

"1. The single issue brought to this Court is whether Claimant's disability, the existence of which is not con-

tested, was the result of an injury accidentally sustained and proximately caused by Claimant's employment.

"2. It was found by the Commission that Claimant's disability did result from an injury accidentally sustained in the course of her employment.

"3. It is submitted that the prior decisions of this Court, when applied to the evidence appearing in this case, not only support the finding made by the Commission but that no other finding would be consistent with such decisions."

In the case of *Industrial Commission, et al. v. Corwin Hospital, et al.,* 126 Colo. 358, 250 P.2d 135, this court reversed the judgment of the district court which set aside an award of compensation that the Industrial Commission had ordered paid under facts somewhat comparable to those involved in the instant case. We conclude that the facts presented by the record herein are well within the coverage of our opinion in *Corwin, supra,* and the cases referred to in that decision.

The judgment accordingly is affirmed.

MR. JUSTICE FRANTZ concurs in the result.

MR. JUSTICE DAY, MR. JUSTICE MCWILLIAMS and MR. JUSTICE SCHAUER dissent.